IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | |
| § | |
| HOLLIS GREENLAW (01) § | Case No. 4:21-cr-289-O |
| BENJAMIN WISSINK (02) § | |
| CARA OBERT (03) § | |
| JEFFREY JESTER (04) § | |

# ORDER

Before the Court are Defendants' Motion for Franks Hearing and Suppression of Evidence (ECF No. 34), filed November 1, 2021; the Government's Response (ECF No. 59), filed November 8, 2021; and Defendants' Reply (ECF No. 71), filed November 10, 201. For the reasons that follow, the Court finds Defendants failed to meet their burden. Therefore, this Motion is **DENIED**.

To be entitled to a Franks suppression, defendants must make "a strong preliminary showing" that the affiant "knowingly and intentionally, or with reckless disregard for the truth, omitted material information from the affidavit." *Id*. at 907 (emphasis added) (citation omitted). Material information is defined as information that is necessary for a finding of probable cause. *Id*. "[I]f, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required." *Franks v. Delaware*, 438 U.S. 154, 171–72 (1978). "It is insufficient that an affidavit was made negligently or through innocent error." *United States v. Symmank*, 397 F. App'x 991, 994 (5th Cir. 2010). "Proof by a preponderance of the evidence is not required until the Franks hearing itself." citing *United States v. Glover*, 755 F.3d 811, 820 (7th Cir. 2014).

Defendants allege multiple Franks violations. *See* Mot. ECF 34. "First, the defendants seek a Franks hearing based on their claim that the government intentionally failed to disclose K.B. as the source of information included in the Affidavit. Resp. 5, EFC 59 (citing Mot. 14, ECF 34). The Court finds this allegation does not warrant a Franks hearing. In the Government's response, the Government details the various sources relied upon to obtain the warrant. Resp. 5–8, ECF 59. The Court finds that the Government has sufficiently shown that even if information from K.B. is excluded, probable cause would still exist.

Second, Defendants claim they are entitled to a Franks hearing regarding Special Agent Edison's statements about Knox Ranch and Alpha Ranch remaining undeveloped. *See* Mot. 18, ECF 34. The Court finds Special Agent Edison had a reasonable basis for her belief that Knox Ranch and Alpha Ranch was undeveloped. Resp. 12, ECF 59 ("Special Agent Edson deemed the properties undeveloped after visiting and observing Alpha Ranch and Knox Ranch herself."). Therefore, Defendants have failed to make a preliminary showing that Special Agent Edson intentionally or recklessly made a false statement or omitted material information.

Third, Defendants argue a Franks heading is warranted because Special Agent Edison suggested that Company C could not repay a loan. Mot. 19, ECF 34. The Government cites reliance on C.F.'s indication that "Company C would be unable to pay off any of its loans from UDF" as the reasonable basis for this allegation. Resp. 13, ECF 59. Defendants counter, arguing "O.M.'s SEC deposition testimony indicates that she thought that T.W.'s cash flow analysis was 'extremely flawed' and she did not 'give much stock to it.'" Reply n. 36, ECF 71. At most, this shows conflicting testimony. Reliance on C.F.'s statements do not rise to the level of recklessness or intent to mislead. Therefore, the Court finds this does not warrant a Franks hearing.

Fourth, Defendants claim they are entitled to a Franks hearing because Special Agent Edson falsely represented the percentage of UDF I owned by Defendants. The Government acknowledges this fact was incorrectly stated. Resp. 14, ECF 59. But, once again, Defendants fail to show recklessness or intent. Nor do they show that this misstatement impacts a finding of probable cause. Therefore, the Court finds no Franks hearing is warranted. Similarly, Defendants fail to show recklessness or intent regarding Special Agent Edison's failure to provide the full name of the entity in bankruptcy. Nor do they show the impact this would have on probable cause. Therefore, the Court finds no Franks hearing is warranted.

Fifth, Defendants claim they are entitled to a Franks hearing because Special Agent Edson "falsely suggested that UDF's outside auditor, [redacted], had declined to stand for reappointment because [redacted] had concluded that UDF's financial statements could not be trusted." Mot. 20, ECF 34. Once again, Defendants fail to show that this negates probable cause. Therefore, a Franks hearing is not warranted.

Lastly, Defendants challenge the use of M.P.'s spreadsheet as irrelevant. The Court finds that relevance is outside the scope of Franks, therefore, the Court denies the motion regarding this allegation.

For the reasons stated, the Motion is **DENIED** regarding both the suppression of evidence and Franks hearing.

**SO ORDERED** on this **17th day** of **November, 2021**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE